Bassil A. Hamideh (SBN 261233)
Jordan A. Gonzales (SBN 286730)
THE HAMIDEH FIRM, P.C.
9465 Wilshire Boulevard, Suite 300
Beverly Hills, California 90212
Telephone: (310) 207-8088
Facsimile: (310) 733-5699
Email: bhamideh@hamidehfirm.com
Email: jgonzales@hamidehfirm.com

Joe H. Tuffaha (SBN 253723)
Prashanth Chennakesavan (SBN 284022)
Rajesh Mandlekar (SBN 196797)
TUFFAHA CHENNAKESAVAN MANDLEKAR LLP
515 S Flower St., 18th Fl, Los Angeles, CA 90071
Telephone: (213) 449-5230
jtuffaha@tc-llp.com
pchennakesavan@tc-llp.com
rmandlekar@tc-llp.com

*Attorneys for Plaintiff*,
Tonoia Wade

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| TONOIA WADE, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>ROC NATION LLC; a Delaware limited liability company,<br><br>Defendant. | Case No. 2:25-cv-11866<br><br>COMPLAINT FOR:<br><br>1. BREACH OF CONTRACT<br>2. COMMON LAW MISAPPRORPIATION OF LIKENESS<br>3. FALSE ENDORSEMENT/FALSE ADVERTISING UNDER THE LANHAM ACT<br><br>DEMAND FOR JURY TRIAL |

Plaintiff Tonoia Wade ("Plaintiff") alleges on information and belief as follows:

## NATURE OF ACTION

1. This case presents a clear case of liability for the unlawful use of Plaintiff's likeness in advertising by Defendant Roc Nation LLC ("Roc Nation").

## JURISDICTION AND VENUE

2. This Court has original jurisdiction over Plaintiff's federal law claim pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1125(a). This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367(a) because they are part of the same case and controversy described by Plaintiff's federal claim.

3. In the alternative, and independently, original jurisdiction is also proper in this Court because complete diversity exists pursuant to 28 U.S.C. §1332(a)(1), because the amount of recovery sought by Plaintiff exceeds the jurisdictional amount of $75,000, and there is complete diversity amongst the parties.

4. Plaintiff is a citizen of the State of New York. With respect to Defendant, the citizenship of a limited liability company ("LLC") for purposes of diversity jurisdiction is determined by examining the citizenship of each member of the LLC. Defendant is a Delaware LLC operating and doing business in the State of California. On information and belief, the members of Roc Nation, LLC are citizens of California and Delaware. Plaintiff will amend—or seek leave to amend—this Complaint to allege the identity and citizenship of each member of Roc Nation once that information is made available to Plaintiff during discovery.

5. With respect to the amount in controversy, Plaintiff's claims meet the jurisdictional threshold. Plaintiff is seeking actual, statutory and punitive damages, including emotional distress damages, disgorgement of profits, and equitable relief. Additionally, Plaintiff is seeking reasonable attorneys' fees and costs pursuant to 15

U.S.C. § 1117(a), interest, and costs of suit. The amount in controversy meets the $75,000 jurisdictional threshold.

6. Personal jurisdiction and venue are proper in this judicial district because Defendant unlawfully used Plaintiff's likeness in the County of Los Angeles and because, on information and belief, the managers of Roc Nation, reside in the County of Los Angeles and operate Roc Nation out of the County of Los Angeles. On information and belief, at least one Defendant and its managers reside in this district for venue purposes and Defendant and its managers are residents of California for venue purposes; a substantial part of the events or omissions giving rise to the claim occurred in this judicial district; and/or there is no district in which this action may otherwise be brought and Defendant is subject to the Court's personal jurisdiction in this judicial district.

## THE PARTIES

7. Plaintiff is an individual, who resides in Queens County, New York.

8. On information and belief, Roc Nation is, and at all relevant times was, a Delaware limited liability company that regularly conducts business in southern California, including without limitation the County of Los Angeles. Roc Nation is registered with the California Secretary of State with an address of 9348 Civic Center Drive, Beverly Hills, California 90210. On information and belief, Roc Nation has an office located at 953 North Sycamore Ave., Los Angeles, California 90038.

## ALLEGATIONS COMMON TO ALL CAUSES OF ACTION

9. Plaintiff is a professional model whose likeness has been featured in advertisements throughout the world. The use of Plaintiff's likeness has significant commercial value.

10. Roc Nation claims to be "the world's preeminent entertainment company." Roc Nation describes itself as "a full-service organization, supporting our diverse roster of talent via artist management, music publishing, touring,

production, strategic brand development and beyond." On information and believe, Roc Nation is a subsidiary of Live Nation Entertainment. Roc Nation's total annual revenue is not publicly disclosed, but estimates vary from $95.1 million to $233.6 million or even $287.3 million, depending on the source and what is included.

11. Roc Nation communicated with Plaintiff's modeling agency, State Management, that it was confirming Plaintiff to be photographed for Roc Nation's advertising and marketing campaign for Megan Thee Stallion's Hot Girl Summer swimwear. On April 30, 2025, Plaintiff was photographed by Roc Nation.

12. Roc Nation promised to pay Plaintiff $8,700 in wages for her work at the photoshoot, plus an agency fee to be paid to State Management. Plaintiff granted consent to Roc Nation for a limited use of her likeness in Roc Nation's advertising campaign. The consent to use Plaintiff's likeness was limited to social media. Defendant knew that it did not have the consent to use Plaintiff's likeness beyond social media.

13. Defendant thereafter used Plaintiff's likeness on physical, public billboards, including a billboard in Hollywood, California targeting California consumers and similar billboards in at least three (3) other cities in the United States outside of California.

14. Defendant used Plaintiff's likeness without her consent as a brand representative targeting residents in California, the United States, and the world.

### FIRST CAUSE OF ACTION
### BREACH OF CONTRACT
### (Against Roc Nation)

15. All previous allegations are realleged and incorporated herein by reference.

16. Plaintiff and Defendant entered into a valid and binding contract in the form of Plaintiff providing consent to Roc Nation for the limited use of Plaintiff's likeness in Roc Nation's advertising.

4
COMPLAINT

17. Plaintiff performed or substantially performed all, or substantially all, of the significant things that the contract required Plaintiff to do or was excused from such performance, namely Plaintiff provided her services and was photographed by Roc Nation.

18. Defendant breached the contract by using Plaintiff's likeness beyond the scope of contractual consent.

19. Plaintiff has been damaged as a direct and proximate result of Defendant's conduct in an amount to be determined.

## SECOND CAUSE OF ACTION

## COMMON LAW MISAPPRORPIATION OF LIKENESS

### (Against Roc Nation)

20. All previous allegations are realleged and incorporated herein by reference.

21. Defendant used Plaintiff's likeness to promote, market, and advertise Defendant's products without Plaintiff's authorization or consent. Defendant specifically made a conscious, deliberate, decision to print, re-print, use, re-use, publish, and re-publish Plaintiff's likeness in marketing, promotional, and advertising materials within the past two years without Plaintiff's consent.

22. Defendant did not have a license, authorization, or consent to use Plaintiff's likeness in the manner it used Plaintiff's likeness, i.e., on billboards.

23. Defendant's knowing use of Plaintiff's likeness to promote Defendant's products was to Defendant's commercial or other benefit.

24. As a proximate result of the foregoing, Plaintiff has suffered actual damages, including emotional distress damages, in an amount to be proved at trial. In addition, Defendant has been unjustly enriched by its use of Plaintiff's likeness. Therefore, Plaintiff seeks disgorgement of profits and/or imposition of a constructive trust on the monies obtained by Defendant from the unauthorized use.

25. Defendant knew that it needed Plaintiff's consent to use Plaintiff's

likeness for commercial purposes. Roc Nation had a limited license to use Plaintiff's likeness from the April 30, 2025photoshoot. Defendant knew that it did not have Plaintiff's consent and did not make any attempt to notify Plaintiff that Plaintiff's likeness would be used without Plaintiff's consent.

26. Instead, Defendant intentionally used Plaintiff's likeness without Plaintiff's consent knowing Defendant did not have Plaintiff's consent. As such, Defendant's conduct as described herein was done with a conscious disregard of Plaintiff's rights, with the intent to vex, annoy, and/or harass Plaintiff, and to unjustly profit from the use of Plaintiff's likeness.  Such conduct was unauthorized and constitutes oppression, fraud, and/or malice, entitling Plaintiff to an award of punitive damages in an amount appropriate to punish or set an example of Defendant in an amount to be determined at trial.

## THIRD CAUSE OF ACTION

## FALSE ENDORSEMENT/FALSE ADVERTISING UNDER THE LANHAM ACT

**(Against Roc Nation)**

27. All previous allegations are realleged and incorporated herein by reference.

28. Defendant used Plaintiff's likeness to promote, market, and advertise Defendant's products without Plaintiff's authorization or consent. Defendant specifically made a conscious, deliberate, decision to print, re-print, use, re-use, publish, and re-publish Plaintiff's likeness in marketing, promotional, and advertising materials within the past two years without Plaintiff's consent.

29. Defendant did not have a license, authorization, or consent to use Plaintiffs' likeness in the manner it used Plaintiff's likeness, i.e., on billboards.

30. Defendant's knowing use of Plaintiff's likeness to promote Defendant's products was to Defendant's commercial or other benefit.

31. Defendant's use of Plaintiff's likeness beyond the agreed scope falsely

implies Plaintiff's endorsement or affiliation with Roc Nation, misleading consumers in violation of Section 43(a) of the Lanham Act. (15 U.S.C. § 1125(a).)

32. More specifically, (1) Defendant made a false statement of fact, i.e., that Plaintiff consented to and endorsed Defendant's advertisement of Plaintiff's likeness on billboards, in a commercial advertisement about Defendant's own or another's products; (2) the statement actually deceived or has the tendency to deceive a substantial segment of its audience; (3) the deception is material, in that it is likely to influence the purchasing decision; (4) Defendant caused the false statement to enter interstate commerce; and (5) Plaintiff has been or is likely to be injured as a result of the false statement by a lessening of the goodwill associated with Plaintiff's product, i.e., Plaintiff's likeness.

33. As a proximate result of the foregoing, Plaintiff has suffered actual damages, including emotional distress damages, in an amount to be proved at trial. In addition, Defendant has been unjustly enriched by its use of Plaintiff's likeness. Therefore, Plaintiff seeks disgorgement of profits and/or imposition of a constructive trust on the monies obtained by Defendant from the unauthorized use.

34. Plaintiff seeks an award of attorneys' fees and costs pursuant to 15 U.S.C. § 1117(a).

**PRAYER FOR RELIEF**

Wherefore, Plaintiff prays for judgment against Defendant as follows:

1. For actual damages;
2. For punitive damages;
3. For statutory damages;
4. For Defendant's profits attributable to the unauthorized use;
5. For a constructive trust;
6. For attorneys' fees and costs;
7. For interest;
8. For costs of suit; and

9. For such other, further, and different legal and equitable relief as the Court deems proper under the circumstances.

DATED: December 16, 2025

**THE HAMIDEH FIRM, P.C.**
**TUFFAHA CHENNAKESAVAN MANDLEKAR LLP**

By  */s/ Prashanth Chennakesavan*
Bassil A. Hamideh
Jordan A. Gonzales
Joe H. Tuffaha
Prashanth Chennakesavan
Rajesh Mandlekar
*Attorneys for Plaintiff*
Tonoia Wade

## **DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a trial by jury.

DATED: December 16, 2025          **THE HAMIDEH FIRM, P.C.**

**TUFFAHA CHENNAKESAVAN MANDLEKAR LLP**

By */s/ Prashanth Chennakesavan*
Bassil A. Hamideh
Jordan A. Gonzales
Joe H. Tuffaha
Prashanth Chennakesavan
Rajesh Mandlekar
*Attorneys for Plaintiff*
Tonoia Wade